[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15931

_____

D. C. Docket No. 06-00317-CV-WS-M

THE OHIO CASUALTY INSURANCE COMPANY,

Plaintiff
Counter Defendant
Appellee,

versus

HOLCIM (US), INC.,
EDWARD J. THIERRY, JR.
DENNIS R. ODOM,

Defendants
Counter Claimants
Appellants,

PATRICIA WHITE,
et al.,

Defendants,

INDUSTRIAL SERVICES OF MOBILE, INC.,

Counter Defendant
Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 15, 2009)

Before BARKETT and WILSON, Circuit Judges, and POGUE,[*] Judge.

PER CURIAM:

This case returns to us after we certified two questions to the Supreme Court of Alabama regarding its law of indemnity. *The Ohio Casualty Insurance Company v. Holcim (US), Inc.* ("*Holcim I*"), 548 F.3d 1352, 1359 (11th Cir. 2008). Now that we have received the answers, *Holcim (US), Inc. v. The Ohio Casualty Insurance Company* ("*Alabama opinion*"), __ So. 3d __, No. 1080223, 2009 WL 3805799 (Ala. Nov. 13, 2009), we reverse the district court's grant of summary judgment to the counter-defendants The Ohio Casualty Insurance Co. ("Ohio Casualty") and Industrial Services of Mobile, Inc. ("ISOM"), and remand the case to the district court for further proceedings consistent with this opinion and our opinion in *Holcim I*.

---

[*] Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

## QUESTIONS CERTIFIED

For the background to this case, we rely on our prior opinion in *Holcim I*, 548 F.3d at 1354–56.  We concluded *Holcim I* by certifying these questions:

> 1. WHETHER, UNDER ALABAMA LAW, AN INDEMNITEE MAY ENFORCE AN INDEMNIFICATION PROVISION AND RECOVER DAMAGES FROM AN INDEMNITOR RESULTING FROM THE COMBINED OR CONCURRENT FAULT OR NEGLIGENCE OF THE INDEMNITEE AND INDEMNITOR?
>
> 2. WHETHER, UNDER ALABAMA LAW, A COURT MAY LOOK BEHIND (OR BEYOND) THE PLEADINGS (IN PARTICULAR, THE COMPLAINT) OF AN UNDERLYING TORT ACTION IN DETERMINING THE APPLICATION OF AN INDEMNIFICATION PROVISION BETWEEN AN INDEMNITOR AND INDEMNITEE?

The Supreme Court of Alabama answered the second question "yes." *Alabama op.* at *6.  It reworded the first question as follows and answered "yes" to the revised version:

> 1. WHETHER, UNDER ALABAMA LAW, AN INDEMNITEE MAY ENFORCE AN INDEMNIFICATION PROVISION CALLING FOR THE ALLOCATION OF AN OBLIGATION OR DAMAGES BASED ON THE RESPECTIVE FAULT OF THE INDEMNITEE AND INDEMNITOR?

*Alabama op.* at *5.

These answers allow us to complete our analysis from *Holcim I*, where we found that the contract language "to the extent . . . attributable . . . to [Holcim]" was ambiguous because it admitted of two "reasonably plausible" interpretations.

3

*Holcim I*, 548 F.3d at 1357. Now we know that both those interpretations are cognizable under Alabama law.[1] Therefore the ambiguity that we found earlier remains. Our conclusion that the contested language is ambiguous as a matter of law means that the facts now come into play. *See, e.g.*, *Alfa Life Ins. Corp. v. Johnson*, 822 So. 2d 400, 405 (Ala. 2001) ("If the application of such rules [of contract construction] is not sufficient to resolve the ambiguity, factual issues arise . . . ."). This observation is underscored by the Supreme Court of Alabama's

---

[1] In rewording our first question, the Supreme Court of Alabama seemed to shift its focus from the respective fault of the parties to the terms of the contract. We do not think that this change disturbs our earlier analysis. Nor does the Supreme Court's explanation of its "yes" answer alter our conclusion. In highlighting the requirement of Alabama law that an indemnity agreement use "clear and unequivocal language," *Alabama op*. at *4, and that "two parties knowingly, clearly, and unequivocally enter into an agreement whereby they agree that the respective liability of the parties will be determined by some type of agreed-upon formula," *Alabama op.* at *5, the Supreme Court of Alabama seemed to us only to be restating the standard imposed on all indemnity agreements by Alabama law, which will continue to guide the interpretation of the contract in this case. The Supreme Court of Alabama explicitly declined to express an opinion about the proper interpretation of the language at issue here. *Alabama op*. at *4. Moreover, our conclusion that the contract language is ambiguous does not require the ultimate finding that no valid agreement on this issue existed between the parties. Alabama's requirement for "clear and unequivocal" language seems to us to apply to those agreements in which an indemnitor agrees to assume the burden of losses attributable to the fault of the indemnitee. *See, e.g.*, *Royal Ins. Co. of Am. v. Whitaker Contracting Corp.*, 824 So. 2d 747, 753 (Ala. 2002) ("[I]f the parties knowingly, evenhandedly, and for valid consideration, intelligently entered into an agreement whereby one party agreed to indemnify the other for its negligent acts and omissions, and the agreement is expressed in clear and unequivocal language, then that agreement is enforceable under Alabama law.") (internal quotations omitted). Here, however, Holcim only seeks indemnification from ISOM to the extent of Holcim's losses that were caused by ISOM, pursuant to an analysis of comparative fault. Appellant's Br. at 35, 19, 31. Holcim made the same argument in the district court. Holcim's Br. in Opp'n to Mot. for Summ. J. (D.86) 8, R. at 1108. (To that extent, Holcim does not seem to seek an "indemnity agreement" as much as a simple split of damages apportioned by fault.) The bottom line is that Supreme Court of Alabama, in its answers to the certified questions, has permitted the enforcement of an indemnification agreement through an allocation of respective or comparative fault, which allocation need not rest solely on the face of an underlying pleading.

answer to the second certified question, that a court may look beyond the pleadings of the underlying tort when determining an indemnification agreement, as Holcim asked the district court to do in this case.

**REVERSED AND REMANDED.**